LANGDON SAWYER v. TOWN OF SPRINGFIELD.

*Town Order.  Taxes.*

Town as well as state taxes are payable in money only.  If, therefore, the collector takes a town order in payment, it must be regarded as a personal matter merely, not official, and cannot be regarded as a payment of the order.  The order becomes the property of the collector and he can transfer it, and upon discharging the tax he becomes liable to the town for the amount, and the order is good in the hands of an innocent holder.

In this case the collector failed soon after receiving the order, and was delinquent as to the state tax in his hands for collection, which the town was liable to pay and for which his bail were liable, and transferred and delivered said order to one of his bail for security against their liability as bail, together with other securities and property, but which was insufficient for that purpose.  Soon after, the bail sold and delivered the order to a third party, for whose benefit this suit is brought, and applied the money which he received therefor in part payment of the state tax.  *Held*, that it not appearing that the collector was in default as to the town taxes, the case stands as it would had the collector paid and accounted for the town tax, without reference to the order, and, on this ground, the town should pay the order.

ASSUMPSIT, in common count, for work, labor and materials—for money, and account stated.  Plea, the general issue, and trial by court, by consent of parties, at the May Term, 1867, BARRETT, J. presiding.

From the evidence the court found the following facts :

Prior to March, 1866, the plaintiff furnished to the defendant material and labor, and therefor the defendant was indebted to him in the sum of thirteen dollars, on that day he received a town order for that amount, which the defendant conceded to be valid and it was so treated on the trial, and also that the rights of the plaintiff should be the same as if said order was properly declared on.   That Moses J. Bates was the constable of said Springfield at that time, and had in his hands tax bills for town and state taxes in which the plaintiff was assessed for taxes to a larger amount than said order.   That the plaintiff passed said order to Bates towards his taxes, and Bates then minuted in pencil on the town tax bill for 1865, in the column and line of taxes against the plaintiff, " order $13," and the

plaintiff paid the balance of his taxes in money ; that Nourse, Kimball and Ball were the bondsmen of Bates as such collector ; that soon after the order was passed to Bates, he failed and was in default as to the state taxes, so that said bondsmen became liable, and the share of Nourse of said liability was about $1,100. ; that for the purpose of realizing means to indemnify his bondsmen, Bates conveyed his homestead to Ingraham, on which taxes assessed and due were an incumbrance.  For the purpose of further indemnifying said Nourse as such bondsman, he turned out to him various securities, and amongst them was said town order for thirteen dollars ; that all the means put into the hands of Nourse fell short by about $200. of meeting and reimbursing the liabilities that Nourse had to pay as such bondsman of Bates ; that soon after Nourse received said order he sold the same to the firm of Ellis, Britton & Eaton, of Springfield, and took the money therefor as a means of paying said liabilities as such bondsman, and then delivered said order to said firm. This suit is brought and prosecuted by and for said firm exclusively. Nourse, when he received said order, did not understand or suppose that it had already been received and applied on taxes, and was assured by Bates when arranging to receive this and other orders and securities as a means of indemnifying and reimbursing himself for said liabilities for Bates, and at the time he received them, that when Nourse should be called on by said town, or in said liabilities, on his presenting this and said other orders the town would be obliged to receive them in discharge of such liabilities so far as they would go.  Said order for thirteen dollars received no other application by Bates in payment of Sawyer's taxes than has been already set forth.

It was proved in behalf of the defendant, by Geo. H. Porter, Esq., treasurer of said town for the last thirteen years, that during that period collectors have been in the habit of receiving town orders for taxes, and when so taken, or when presented to the treasurer by the payee, it has been the custom, in accordance with a practice existing in town, for the holder to write his name on the order and the date when he passed it to the collector or treasurer ; that sometimes there were some omissions to do so ; that if the collector on settling with the treasurer for taxes with which he was chargeable should pay

them all in money, the treasurer would pay in money to such collector such town order as he might have received and be the holder of.

Ellis, Britton & Eaton purchased and received said order in good faith, and without notice or knowledge that it was subject to any exception or defence on the part of the town.

On the case thus stated the court rendered judgment for the plaintiff for the amount due on said order,—to which the defendant excepted.

*H. Closson* and *J. Converse*, for the defendant.

There can be no doubt that the town order was received, and was, in fact, payment in full for the " materials and labor" furnished by the plaintiff. *Dalrymple* v. *Whitingham*, 26 Vt. 345.

It is equally clear that the order was delivered to Bates, and received by him in payment of the plaintiff's taxes to amount of thirteen dollars. This tax can never again be enforced against the plaintiff. The town, then, have once paid the order. Must they pay it again? The plaintiff certainly could never recover *in his own right, or for his own benefit.* Can he recover for the *benefit* and in the right of Ellis & Co.? We insist he cannot. The plaintiff could convey no greater right than he had. He did not intend or profess to do so. The order was *paid* when it went into the hands of Bates. It was, therefore, *functus officio.*

Could Bates recover for his own *benefit* in the name of the plaintiff or any one else? Clearly not. He could convey no greater right than he had, nor could Nourse convey any greater right than he acquired from Bates. On no ground can the defendants be held liable except they have practiced a fraud upon the plaintiff, or have that which would operate as such, and to his injury. Nothing of this kind can be pretended. The order was not *negotiable*, and was *long overdue.* The case must be decided as between the *nominal parties.* Neither Bates, Nourse, or Ellis & Co., ever acquired any *legal* or *equitable* rights that the defendants are liable for.

All that part of the evidence, beyond the transaction between Bates and the plaintiff, have no bearing on the case. 2 Aik. 373 ; *Adams* v. *Johnson,* Bray. R. 55 ; 2 Aik. 381 ; *Hall et al.* v. *Dana,* 2 Aik. 384, 385.

*Wm. M. Pingrey,* for the plaintiff.

I. Town taxes are payable in money and nothing else. The collector is liable to pay the money on the taxes into the town treasury. There is no provision of the law that orders shall apply on taxes, or that the collector may pay his liability in orders. Neither is the collector made the agent of the town to pay orders. If he takes orders on taxes he takes them instead of money, and can pass them to any other person who will take them; and they will be good at the treasury, unless actually received and paid by the treasurer. Gen. Stat. p. 114, § 71.

II. In this case if the plaintiff had paid his taxes in money, the collector could have done what he pleased with the money. He is liable to the treasurer. Having received an order he can offer it to the treasurer, or he can transfer it to any other person, and it is valid in the hands of any lawful holder.

III. The town does not suffer in this case. They have never paid the order, but still owe it, and it has passed honestly and in good faith into the hands of the present holder, and the town are not liable to suffer loss. It does not even appear by the case (unless by inference) that Bates was in arrears on those taxes.

The opinion of the court was delivered by

Prout, J. The order, the amount of which the plaintiff seeks to recover in this action, was received and applied by the collector of the defendant town upon a town tax against the plaintiff, which the collector had in his hands for collection. Subsequently, and while holding the order, the collector failed, being in default or delinquent as to the state tax, which the town was liable to pay. This tax was also in his hands for collection, and his bail were accountable for its payment, as the case finds. For the purpose of securing the bail against their liability, the collector transferred and delivered to one of them the town order in question, together with other securities and property, but which was insufficient for that purpose. Soon after the bail sold and delivered the order to a third party, (for whose benefit this suit is prosecuted,) and applied the money which he received therefor in part payment of the state tax. The transfer of the order by the collector to one of his bail, and by him to the par-

Sawyer *v.* Springfield.

ties in interest in this suit, was in good faith, and without notice, on the part of the bail or present holders of the order, that it was received by the collector to apply in part payment of the plaintiff's town tax. Upon these facts the defendant town claims that the plaintiff is not entitled to recover.

Town as well as state taxes are payable in money. The statute (Gen. Stat., ch. 15, § 83; ch. 84, §§ 7, 8, 9, 10, 11,) requires their collection in cash, and it provides no other mode by which they can be paid or discharged, either as to the state or town; and the constable's duty, with reference to a tax in his hands for collection, is similar to his duty with respect to an execution in his hands for that purpose. In the one case his directions are contained in the warrant authorizing him to levy and collect the tax, in the other in the execution, and both are pursuant to law. Neither the town or execution creditor can be satisfied except by payment as required by law, or by an *execution* of the process, according to its direction by the officer, as he is not the agent of either for any other purpose. Although the constable may discharge a tax without payment as required by the warrant as between him and the party assessed or taxed, yet, if he does, he becomes liable for the amount, and its payment can be enforced against him or his sureties. And if in the collection of a tax, he steps outside the provisions of the statute and his warrant regulating and pointing out the mode of its collection, his act cannot be regarded as official, or as done on behalf of the state or town. Unless this is the correct construction of the statutes relating to the question, practically the collector or constable can discharge the duties of town treasurer which are entirely distinct and independent of those of the collector. But, however that may be, it will not be seriously claimed that the collector could, in the way disclosed by this case, pay an invalid claim in the form of a town order, and bind the town. If not, it would seem to follow that if he discharges a tax in the way he did in this case, it must be treated as a personal matter merely, and cannot be regarded as a *payment* of the order. The consequence is the order became his, he could transfer it, and upon discharging the tax he became absolutely liable for the amount to the town.

But there is another view of the case. It appears that the money for which the order in question was sold to the parties who are prosecuting this suit was paid over and applied to a liability of the town in respect to the state taxes. Having been so paid and applied, and the exceptions not showing that the constable was in default as to the town taxes, the case stands as it would had the collector paid and accounted for the town tax, without reference to the order which he received of the plaintiff and applied to his town tax. Under such circumstances it cannot be reasonably claimed that the town should not pay it. Certainly that would be inequitable.

Judgment of the county court is affirmed.